IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE E. NOVAK, ) <br> HOWARD HOFFMAN, ) <br> DAVID FRIEDMAN and ) <br> LAWRENCE ESTEP, ) <br> individually and on behalf of a class, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TARGET CORPORATION, ) <br> ) <br> Defendant. ) | 13-cv-9165 |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Denise E. Novak, Howard Hoffman, David Friedman and Lawrence Estep respectfully requests that this Court enter an order determining that this action may proceed against defendant on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

The class under Count I, alleging breach of implied contract, consists of all persons or entities anywhere in the United States, who made purchases at stores owned or operated by defendant during the period from November 27, 2013 through December 15, 2013, using a credit or debit card.

The class under Count II, alleging violation of the Illinois Consumer Fraud Act, consists all persons or entities who made purchases at stores owned or operated by defendant in Illinois during the period from November 27, 2013 through December 15, 2013, using a credit or debit card. It is a subclass of the Count I class.

In support of this motion, plaintiffs state:

**NATURE OF THE CASE**

1. Plaintiffs brought this action to secure redress for the conduct of defendant Target Corporation ("Defendant" or "Target ") for failing to secure and safeguard its customers' personal financial data, including credit and debit card information.

1

2. The complaint alleges that Target failed to take commercially reasonable steps to protect plaintiffs and class members' personal financial information, which led to a security breach that exposed the financial data and bank account balances of customers who shopped at Target stores across the United States between November 27 and December 15, 2013.

3. In addition, Target failed to promptly notify customers about the security breach.

4. Count I alleges breach of contract. Count II alleges violation of the Illinois Consumer Fraud Act.

**CLASS CERTIFICATION REQUIREMENTS**

5. Both classes meet the requirements set forth in Fed.R.Civ.P. 23(a) and 23(b)(3).

6. The classes are each so numerous that joinder of all members is not practicable.

7. On information and belief, there are up to 40 million members of the Count I class. The security breach exposed the financial data and bank account balances of customers who shopped at Target stores across United States, between November 27 and December 15, 2013. This exceeds the commonly-accepted threshold amount to infer that the number of class members makes joinder impractical. Fed.R.Civ.P. 23(a)(1).

8. The Count II class consists of class members whose transactions occurred in Illinois, and is estimated to include 5% of the members of the Count I class, or about 2 million persons.

9. Plaintiffs will obtain the exact number of individuals in each class through discovery.

10. There are questions of law and fact common to the members of the classes, which predominate over any questions relating to individual class members. The predominant common questions are whether defendant's conduct constituted a breach of implied contract or violated the Illinois Consumer Fraud Act.

11. Defendant has acted on a uniform basis with respect to plaintiffs and the entire class. Fed.R.Civ.P. 23(a)(2) and (b)(3).

12. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories. Fed.R.Civ.P. 23(a)(3).

13. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and litigation on consumer protection statutes. (Appendix A) Plaintiffs have interests that conflict in no way whatsoever with class members' interests. Fed.R.Civ.P. 23(a)(4).

14. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated. Fed.R.Civ.P. 23(b)(3).

15. Plaintiffs are filing this motion at this time pursuant to the Seventh Circuit's decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011).

WHEREFORE, plaintiffs respectfully request that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Green
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

3

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on December 23, 2013, I filed the forgoing documents with the Clerk of the Court using the CM/ECF System, and caused a copy to be served via hand delivery upon the following parties:

Target Corporation
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

                                                               s/Daniel A. Edelman
                                                               Daniel A. Edelman